# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PENSACOLA DIVISION

**ZACHARY VINCE GREER,**

    **Petitioner,**

**vs.**　　　　　　　　　　　　　　　　　　**Case No. 3:24cv390-TKW/MAF**

**SECRETARY, DEPARTMENT OF CORRECTIONS STATE OF FLORIDA,**

    **Respondent.**

_____/

## REPORT AND RECOMMENDATION

On August 26, 2024, Petitioner Zachary Vince Greer, a state inmate represented by counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Petitioner challenges his conviction and sentence entered January 27, 2015, by the First Judicial Circuit, Escambia County, Florida, following a jury trial in case number 2013-CF-2255. Id. On January 27, 2025, Respondent filed a motion to dismiss as untimely with exhibits. ECF No. 11. On March 3, 2025, Petitioner filed a reply. ECF No. 12.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned has determined no evidentiary hearing is required for the

disposition of this matter. See Rule 8(a), R. Gov. § 2254 Cases. The pleadings and attachments before the Court show Respondent's motion should be denied.

I.  **Background**

The procedural history of this case is undisputed by the parties and the state court record. See ECF No. 11-1 through 11-30. The First District Court of Appeal affirmed Petitioner's judgment and sentence on August 18, 2016 without written opinion. ECF No. 11-11. Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), the judgment became final 90 days later on November 16, 2016, when the time for seeking certiorari review by the United States Supreme Court expired. See 28 U.S.C § 2244(d)(1)(A); Chavers v. Sec'y, Fla. Dep't of Corr., 468 F.3d 1273, 1274-1275 (11th Cir. 2006). Typically this would trigger the one-year limitations period for filing a federal habeas petition. Id. But because Petitioner's post-conviction motion was pending in state court at that time, the clock was tolled. See ECF No. 11-20 at 14 (3.850 motion filed October 19, 2016); 28 U.S.C § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection"). Petitioner's state post-conviction review ended on August 24,

2023, when the First DCA issued its per curiam affirmed mandate of the trial court's denial of the motion. See ECF No. 11-29; Nyland v. Moore, 216 F.3d 1264, 1267 (11th Cir.2000) (in Florida, a 3.850 motion is pending until the DCA issues its mandate). The parties agree this is the date when AEDPA's one-year limitations period began. See ECF Nos. 11 at 4; 12 at 2. Petitioner initiated this action 368 days later on August 26, 2024. Id.; ECF No. 1.

Respondent argues Petitioner's time to file this action "commenced running [on August 24, 2023] and continued to do so until it expired 365 days later (i.e., on Friday, August 23, 2024)." ECF No. 11 at 4. Since the petition was filed August 26, 2024 (obviously after August 23rd), Respondent contends it was untimely. Id. Petitioner argues that because 2024 was a leap year, he had 366 days to timely file his petition. ECF No. 12 at 3-4. "[T]he one-year anniversary of August 24, 2023 is August 24, 2024." Id. at 3. But because August 24, 2024 fell on a Saturday, Petitioner claims the period did not expire until "the next business day," or Monday August 26, 2024. Id.

## II.   Discussion

AEDPA's one-year limitations period is calculated using the "anniversary method," where "the limitations period expires on the [one-year] anniversary of the date it began to run." Downs v. McNeil, 520 F.3d 1311, 1318. (11th Cir. 2008). While a yearly anniversary usually occurs every 365

calendar days, it won't always. That is because it takes the Earth approximately 365.24 days to orbit the Sun, not 365.[1] To counteract this problem, an extra day was added every so often at the end of February and dubbed a "leap year."[2,3] The additional day makes a leap year 366 days. 2024 was such a year.

Petitioner is correct that the one-year anniversary of August 24, 2023 was August 24, 2024. In a regular year, adding 365 days would net the same result (i.e. 365 days from August 24, 2022 would be August 24, 2023). But since 2023-2024 spanned a leap year, 366 days must be added to arrive at the anniversary. This result is seen in numerous cases involving leap years. E.g., Downs, 520 F.3d at 1317-1318 (where the "limitations period began to run October 18, 1999…[it] would have expired October 18, 2000—not October 17, 2000," even though the 17th was "365 days after the mandate,"

---

[1] The Editors of Encyclopaedia Britannica. "leap year." *Encyclopedia Britannica*. https://www.britannica.com/science/leap-year-calendar. Accessed 6 March 2025.

[2] "If we didn't make adjustments for the leap days then our calendars would get out of sync with our seasons. After 100 years the calendar would be off by about 25 days. After about 750 years, those living in the northern hemisphere would be celebrating Christmas in the middle of summer and Valentine's day in the autumn. And that just wouldn't do." Kit Yates, *The mathematical muddle created by leap years*. BBC. 28 February 2024. https://www.bbc.com/future/article/20240228-leap-year-the-imperfect-solution-to-fix-the-calendar. Accessed 6 March 2025.

[3] The general rule is every four years. But to keep us on our toes, the exact rule is any year evenly divisible by 4 but not by 100, unless it is also divisible by 400. The problem years requiring extra math only arise at the turn of each century (i.e. 2000 was a leap year, but 2100 will not be). See Id.

clarifying that "although the [365] calculation appears to comply with the statutory directive…[of] one year," courts should use the anniversary date); Ferrell v. Jones, No. 4:15CV220-MW/EMT, 2016 WL 11689518, at *1 (N.D. Fla. Feb. 16, 2016) ("because 2012 was a leap year…Petitioner had "366 [days] instead of 365"); Henderson v. Sec'y, No. 5:15-CV-92-WS-GRJ, 2016 WL 4154690, at *2 (N.D. Fla. July 15, 2016), report and recommendation adopted, 2016 WL 4157342 (N.D. Fla. Aug. 3, 2016) (same); United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000), cert. denied, 531 U.S. 878 (2000) (adopting the anniversary method because it "is clear and predictable and therefore easier for litigants [and lawyers] to remember" while noting "the anniversary date will be the last day to file even when the intervening period includes the extra leap year day"). Ultimately, the anniversary method ensures there is no need to count at all.

Petitioner is also correct that because the one-year anniversary (August 24, 2024) fell on a Saturday, the last day to timely file his petition was Monday August 26, 2024. See Fed. R. Civ. P. 6(a)(1)(C) (providing that, in computing time, "if the last day [of a time period] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday"). Therefore—by the skin of his teeth—Petitioner's August 26th habeas petition was filed timely.

### III.   Recommendation

For the reasons discussed, it is respectfully **RECOMMENDED** that Respondent's motion to dismiss, ECF No. 11, be **DENIED**. It is further **RECOMMENDED** that Respondent be directed to file an answer to the habeas petition, ECF No. 1, within sixty (60) days of the order adopting this Report and Recommendation, and Petitioner be permitted to file a reply no later than thirty (30) after service of Respondent's answer.

**IN CHAMBERS** at Tallahassee, Florida on March 7, 2025.

>   s/ Martin A. Fitzpatrick
>   MARTIN A. FITZPATRICK
>   UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).**